IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANGELA COLONNA, STEPHEN COLONNA, and AVINASH DAGA, individually and for others similarly situated,<br>　　　　*Plaintiffs*,<br><br>v.<br><br>LOANDEPOT, INC.,<br>　　　　*Defendant*. | §<br>§<br>§<br>§　CIVIL ACTION NO. 3:24-cv-376<br>§<br>§<br>§<br>§<br>§<br>§ |

## DEFENDANT'S NOTICE OF REMOVAL

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, Defendant loanDepot, Inc. ("Defendant") hereby removes this action from the 160th Judicial District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, and as grounds for removal states as follows:

### STATE COURT ACTION

1. On December 12, 2023, Plaintiffs Angela Colonna, Stephen Colonna, and Avinash Daga ("Plaintiffs") filed their Original Petition (the "Complaint") in the 160th Judicial District Court of Dallas County, Texas, styled *Angela Colonna, Stephen Colonna, and Avinash Daga v. LoanDepot, Inc.*, Cause No. DC-23-20638 purporting to bring a class action on behalf of Plaintiffs and others similarly situated (the "State Court Action").

2. Plaintiffs allege that they are homeowners that "sought financial services and other advice from Defendant" related to "whether and when to obtain financings, as well as the terms and structure of the financing." *See* Compl. at 1 (¶ 20), 4 (¶ 20). Plaintiffs allege that Defendant provided Plaintiffs "false and misleading advice" that "induced Plaintiff to enter or modify

1

transactions with Defendant." *See* Compl. at 1 (¶ 1). Plaintiffs allege that Defendant "failed to make disclosures and/or provide relevant and essential information to Plaintiffs and other members of the class regarding the impact on said homeowners in skipping/delaying one or more mortgage payments in connection with their respective transactions." *See* Compl. at 4 (¶ 20).

3. Premised on these allegations, Plaintiffs assert claims against Defendant for violation of the Texas Deceptive and Trade Practices Act ("DTPA"), negligence, gross negligence, and negligent misrepresentation. *See* Compl. at 4–9. Plaintiffs seek compensatory damages, treble damages under the DTPA, punitive damages, attorney's fees, and court costs. *See* Compl. at 12. Plaintiffs state that their claim for relief "should be assigned to category (4)" under Texas Rule of Civil Procedure 47, which is a claim for "monetary relief over $1,000,000." *See* Compl. at 9 (¶ 8); TEX. R. CIV. P. 47(c)(4).

4. Plaintiffs seek to represent a class of "over one-hundred thousand" homeowners. *See* Compl. at 4 (¶ 20), 10–11 (¶ 43).

5. With this Notice of Removal, Defendant removes the State Court Action to this Court under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA").

## PROCEDURAL REQUIREMENT

6. This action is properly removed to this Court because the State Court Action is pending within this district and division. 28 U.S.C. §§ 124(a)(1), 1441, 1446(a).

7. This removal is timely because it is being filed within thirty days of Defendant being served or otherwise making an appearance in the State Court Action. 28 U.S.C. § 1446(b).

8. Pursuant to 28 U.S.C. § 1446(a) and Northern District of Texas Local Rule 81.1, this Notice of Removal is accompanied by copies of the following materials:

**Exhibit A**    Index of Matters Being Filed

| | |
|---|---|
| **Exhibit B** | Civil Cover Sheet and Supplemental Cover Sheet |
| **Exhibit C** | State Court Docket Sheet |
| **Exhibit C-1** | Plaintiffs' Original Petition |
| **Exhibit C-2** | Request for Issuance of Service |
| **Exhibit C-3** | Citation |
| **Exhibit C-4** | Return of Service |

9.  Pursuant to 28 U.S.C. § 1446(d), Defendant is (1) serving Plaintiffs with a copy of the Notice of Removal, and (2) filing a copy of the Notice of Removal in the 164th Judicial District Court of Harris County, Texas, simultaneously with the filing of this Notice of Removal.

### ORIGINAL JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

10.  The Court has jurisdiction under CAFA because there is (a) minimal diversity among the parties, (b) the amount in controversy exceeds $5,000,000, and (c) the proposed class is at least one hundred members.[1]  *See* 28 U.S.C. §§ 1332(d), 1441(a).  Minimal diversity among the parties exists when, among other reasons, "any member of a class of plaintiffs is a citizen of a State different from any defendant."  *See* 28 U.S.C. § 1332(d)(2)(A).  The amount-in-controversy requirement is satisfied when the individual claims of each proposed class member, as aggregated, exceeds the sum or value of $5,000,000, exclusive of interest and costs.  *Id.* § 1332(d)(6).

**A.    There is minimal diversity of citizenship between the parties.**

11.  On information and belief, Plaintiffs Angela Colonna and Stephen Colonna are individuals residing and domiciled in Bexar County, Texas.  *See* Compl. at 3 (¶ 12).  On information and belief, Plaintiff Avinash Daga is an individual residing and domiciled in Dallas

---

[1] This Court additionally has diversity jurisdiction under 28 U.S.C. § 1332(a) related to the individual claims asserted against Defendant because the parties are completely diverse in citizenship and Plaintiffs specifically seek damages in excess of $75,000.  *See infra* Part A (complete diversity); Compl. at 9 (¶ 8) (amount in controversy).

County, Texas. *See* Compl. at 3 (¶ 13). Therefore, Plaintiffs are citizens of Texas. *See Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

12. Defendant loanDepot, Inc. is a corporation formed under the laws of Delaware with its principal place of business in California. Therefore, Defendant is a citizen of Delaware and California. *See* 28 U.S.C. § 1332(c)(1).

13. Because Plaintiffs are citizens of Texas and Defendant is a citizen of Delaware and California, there is minimal diversity among the parties. *See* 28 U.S.C. § 1332(d)(2)(A).

**B.     The amount in controversy exceeds $5,000,000.**

14. The amount in controversy is measured by what the Plaintiffs are claiming, not what the Plaintiffs are likely to be awarded. *See Carter v. Westlex Corp.*, 643 F. App'x 371, 376 (5th Cir. 2016); *see also Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1337 (5th Cir. 1995) (including punitive damages in the amount-in-controversy calculation). While Defendant vehemently denies Plaintiffs' allegations and that Plaintiffs are entitled to any relief, the amounts claimed by Plaintiffs on behalf of the putative class demonstrate that the amount in controversy exceeds $5,000,000. *See* 28 U.S.C. §§ 1332(d)(2), (6).

15. Plaintiffs seek compensatory damages ("economic and/or mental anguish damages"), treble damages under the DTPA, punitive damages, and attorney's fees on behalf of a class that "includes over one-hundred thousand members." *See* Compl. at 6 (¶¶ 29–32), 7 (¶ 35), 8 (¶ 38), 9–10 (¶¶ 42–43), 12. The DTPA authorizes a successful claimant to recover up to three times the amount of the claimant's economic and mental anguish damages, along with attorney's fees. *See* TEX. BUS. & COM. CODE § 17.50(b)(1), (d).

16. To meet the $5,000,000 amount-in-controversy threshold for a putative class size of 100,000, each class member would need to claim entitlement to at least $50. With treble damages under the DTPA, the $50 threshold could be met by a minimum of $17 of economic and

4

mental anguish damages. When recoverable attorney's fees are added to the calculus, the amount of damages claimed by each proposed class member is reduced further.

17. Plaintiffs allege that Defendant induced them to enter into or otherwise modify loan transactions related to their mortgages when Defendant allegedly "failed to make disclosures and/or provide relevant and essential information to Plaintiffs and other members of the class regarding the impact on said homeowners in skipping/delaying one or more mortgage payments in connection with their respective transactions." *See* Compl. at 4 (¶ 20).

18. According to the Mortgage Bankers Association, the national median monthly payment for mortgage applications for new residential loan was $2,055 and the average median purchase-loan amount applied for was $306,450 for December 2023.[2]

19. Given the amounts potentially at issue, the damages Plaintiffs claimed to be entitled to as a result of allegedly being induced into either a new mortgage or a modification of a preexisting mortgage will exceed $5,000,000 when aggregated with the proposed class members.

20. Because there is complete diversity between the parties and the amount in controversy requirement is satisfied, this Court also has jurisdiction pursuant to 28 U.S.C. § 1332 and removal is proper.

**C.   Plaintiff proposes a class of at least one hundred members.**

21. Plaintiffs' allegations make clear that the number of members of the proposed class exceeds one hundred. *See* Compl. at 9–10 (¶ 43).

---

[2] *See* "Mortgage Application Payments Decreased 3.8 Percent to $2,055 in December," MORTGAGE BANKERS ASSOCIATION, *available at* https://www.mba.org/news-and-research/newsroom/news/2024/01/25/mortgage-application-payments-decreased-3.8-percent-to-2-055-in-december (last accessed Feb. 9, 2024).

## CONCLUSION AND PRAYER

The Court has original jurisdiction under CAFA because there is (a) minimal diversity among Plaintiffs and Defendant, (b) the amount in controversy exceeds $5,000,000, and (c) the proposed class is at least one hundred members.

For this reason, Defendant loanDepot, Inc. removes this action from the 160th Judicial District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

*[signature: Daniel Durell]*

**Daniel Durell**
Texas Bar No. 24078450
LOCKE LORD LLP
300 Colorado Street, Suite 2100
Austin, Texas 78701
(512) 305-4700
(512) 305-4800 (Facsimile)
daniel.durell@lockelord.com

**Camille Griffith**
Texas Bar No. 24034761
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
(214) 740-8000
(214) 740-8800 (Facsimile)
camille.griffith@lockelord.com

**Thomas J. Cunningham**[3]
Florida Bar No. 121997
LOCKE LORD LLP
777 S. Flagler Drive
Suite 215 East Tower
West Palm Beach, FL 33401
(561) 833-7700
(561) 655-8719 (Facsimile)

**ATTORNEYS FOR DEFENDANT**

---

[3] Application for admission pro hac vice forthcoming.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served as indicated on this 16th day of February, 2024, to the following:

**VIA U.S. MAIL and EMAIL**
Rogge Dunn
Earl S. Nesbit
Alex Pennetti
Rogge Dunn Group, PC
500 N. Akard Street, Suite 1900
Dallas, Texas 75201
dunn@trialtested.com
nesbitt@roggedunngroup.com
penetti@roggedunngroup.com
*Attorneys for Plaintiffs*

**VIA U.S. MAIL and EMAIL**
Scott Gizer
Early Sullivan Wright Gizer & McRae, LLP
6420 Wilshire Blvd., 17th Floor
Los Angeles, CA 90048
sgizer@earlysulliver.com
*Attorney for Plaintiffs*

_____
Daniel Durell