IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANGELA COLONNA, STEPHEN COLONNA and AVINASH DAGA, individually and for others similarly situated, | § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | Case No. 3:24-cv-376-X |
| LOANDEPOT.COM, LLC, | § § § | |
| *Defendant.* | § | |

## PLAINTIFFS' SECOND AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiffs Angela Colonna, Stephen Colonna, and Avinash Daga (hereinafter collectively "Plaintiffs"), on behalf of themselves and others similarly situated, and file their Second Amended Complaint (hereinafter "this Complaint") and bring this action as a class action, complaining of Defendant loanDepot.com, LLC (hereinafter collectively "You," "Your," "Yours," or "Defendant"), originally erroneously-sued as LoanDepot, Inc. and hereafter amended to reflect the proper entity Defendant, in the above-referenced lawsuit (hereinafter this "Action") and pursuant to the Federal Rules of Civil Procedure (hereinafter the "Rules") show:

### SUMMARY OF ACTION

1. In accordance with Rule 42 of the Federal Rules of Civil Procedure, Plaintiffs bring this Action, as a class action, on behalf of Plaintiffs and others similarly situated. Plaintiffs sought financial services and other advice from Defendant. Defendant provided these financial services and advice, which concerned whether and when to obtain re-financing of their home mortgages, as well as the terms and structure of that re-financing. Defendant made several representations

while rendering this advice to Plaintiffs – among them, that Plaintiffs could "skip" several mortgage payments without discussion of any consequences to delaying or deferring such payments including the fact that Plaintiffs would ultimately pay more in interest if they elected to "skip" mortgage payments. Defendant knew or should have known that the advice it, its agents, representatives, and employees were rendering was false or misleading. Nevertheless, Defendant did not require its agents, representatives and employees to provide additional information to Plaintiffs and ratified their conduct. The false and misleading advice given by Defendant to Plaintiffs induced Plaintiffs to enter or modify transactions with Defendant. Defendant was paid for rendering this advice, independently or as a condition of the transactions they induced Plaintiffs to enter. Plaintiffs relied on the expertise and knowledge of Defendant. The financial services and advice sought by Plaintiffs was an independent objective of their engagement with Defendants, and the subsequent transactions in which Plaintiffs entered were a direct result of Defendant's false and misleading representations. The transactions in which Defendant engaged with Plaintiffs and the other members of the class shall hereinafter be referred to as the "Transactions."

2. Through their false and misleading representations while rendering financial services, Defendant wrongfully induced Plaintiffs to engage in and complete the Transactions. Defendant's actions violated Texas law because Defendant failed to disclose certain information to Plaintiffs and the members of the class, and in other ways, as described below.

3. This class action lawsuit is filed to recover damages from Defendant because of Defendant's violations of Texas law in connection with the Transactions.

## THE PARTIES

4. Plaintiff Angela Colonna is a resident and citizen of Texas. He brings this action individually and on behalf of similarly situated individuals.

PLAINTIFFS' SECOND AMENDED COMPLAINT

5. Plaintiff Stephen Colonna is a resident and citizen of Texas. He brings this action individually and on behalf of similarly situated individuals.

6. Plaintiff Avinash Daga is a resident and citizen of Texas. He brings this action individually and on behalf of similarly situated individuals.

7. Defendant loanDepot.com, LLC. is a California limited liability company duly qualified to do business in the State of Texas, Texas Secretary of State file number 0801228750, which generally engages in originating, financing, selling and servicing of residential mortgage loans and engages in title, escrow and settlement services for mortgage loan transactions on a national level including mortgage loan transactions with residents and citizens of Texas. Plaintiffs erroneously brought its original complaint against LoanDepot, Inc., the holding company of which loanDepot.com, LLC is a subsidiary. Accordingly, Plaintiffs have amended and filed this Complaint to name the proper Defendant.

8. The citizenship of a limited liability company is determined by the citizenship of all of its owners/members. *Harvey v. Grey*, 542 F.3d 1077, 1080 (5th Cir. 2008). Plaintiffs are informed and believe that, as reflected in its Statement of Information filed with the State of California, Defendant loanDepot.com, LLC has three members – Anthony Hsieh, Andrew Dodson and Brian Golson. (See Exhibit 1). On information and belief, Plaintiffs allege that Anthony Hsieh and Andrew Dodson are citizens of California and Brian Golson is a citizen of Texas. Accordingly, Defendant loanDepot.com, LLC is a citizen of California and Texas.

## JURISDICTION AND VENUE

9. You committed torts in, and engaged in deceptive trade practices, while doing business in Dallas County, Texas, and in other areas in the Northern District of Texas that caused injuries and damages to Plaintiff Avinash Daga and the members of the class. Four of Your six

branch offices in Texas are located in the Northern District of Texas through which You have continuous and systematic contacts with residents in the Northern District of Texas and members of the class. Therefore, jurisdiction and venue are proper in Northern District of Texas, Dallas Division.

10.  As a direct and proximate result of Your actions and/or inactions, damages in excess of the minimum jurisdictional requirements of this Court were incurred by Plaintiff and members of the class. The damages suffered by Plaintiffs and the other members of the class include, but are not limited to, economic damages and damages for mental anguish.

11.  Venue of this case is proper in the Northern District of Texas because all or a substantial part of the events and/or omissions giving rise to the claims asserted by Plaintiff Avinash Daga occurred in Dallas County, Texas.

12.  All conditions precedent to all relief being sought by Plaintiff(s) in this Action have been met, performed, occurred and/or been waived.

## FACTS

13.  In or around June and July 2021, You provided Plaintiffs Angela and Stephen Colonna ("the Colonnas") with financial services and/or gave financial advice to induce him into entering a refinance of the mortgage on the property located at 9302 Cheswick Street, San Antonio, Texas, 78254 ("Colonna Property"). In doing so, Your loan officer assigned to the Colonnas made oral representations to that they could skip one or more mortgage payments in connection with the refinance of the Colonna Property but did not disclose that in doing so, the Colonnas would ultimately pay more in interest payments if he elected to skip payments. You did not otherwise provide relevant and essential information to the Colonnas regarding the impact or consequences of skipping mortgage payments at any time. The Colonnas relied on Your expertise and knowledge

in deciding whether to refinance their mortgage with Loan Depot. Your loan officers knew that the Colonnas relied upon Your expertise and knowledge and nonetheless did not inform the Colonnas of the impact or consequences of skipping mortgage payments and You did not instruct Your loan officers to do so thereby ratifying their conduct. Your failure to inform the Colonnas of the impact or consequences of skipping mortgage payments constitutes false and misleading advice given to induce the Colonnas to enter their Transaction with You.

14. The Colonnas were not aware of the impact or consequences of skipping mortgage payments until October 19, 2022 when they were informed by counsel that they would ultimately pay more in interest payments because they elected to skip mortgage payments when refinancing their mortgage with You.

15. In or around November 2019, You provided Plaintiff Avinash Daga ("Daga") financial services and/or gave financial advice to induce him into entering a refinance of the mortgage on the property located at 3301 Balconies Drive, Irving, Texas 95063 ("Daga Property"). In doing so, Your loan officer assigned to Daga made oral representations to Daga that he could skip one or more mortgage payments in connection with the refinance of the Daga Property but did not disclose that in doing so, Daga would ultimately pay more in interest payments if he elected to skip payments. You did not otherwise provide relevant and essential information to Daga regarding the impact or consequences of skipping mortgage payments at any time. Daga relied on Your expertise and knowledge in deciding whether to refinance their mortgage with Loan Depot. Your loan officers knew that Daga relied upon Your expertise and knowledge and nonetheless did not inform Daga of the impact or consequences of skipping mortgage payments and You did not instruct Your loan officers to do so thereby ratifying their conduct. Your failure to inform Daga of the impact or consequences of skipping mortgage payments constitutes false and misleading

**PLAINTIFFS' SECOND AMENDED COMPLAINT**

advice given to induce Daga to enter his Transaction with You.

16. Daga was not aware of the impact or consequences of skipping mortgage payments until October 19, 2022 when he was informed by counsel that he would ultimately pay more in interest payments because he elected to skip mortgage payments when refinancing his mortgage with You.

17. The other members of the class were, and/or are, also homeowners to whom You provided financial services and/or gave financial advice anytime from January 2020 to December 2022 to induce them to enter their Transactions. In rendering such financial services and/or providing financial advice, You and Your agents made oral representations that Plaintiffs and other members of the class could skip one or more mortgage payments in connection with their respective Transactions but failed to disclose and/or provide relevant and essential information to Plaintiffs and other members of the class regarding the impact or consequences of skipping such payments, specifically that in doing so, Plaintiffs and other members would ultimately pay additional interest on the mortgage. Plaintiffs and the other members of the class relied on Your expertise and knowledge in deciding whether to refinance their mortgages with Loan Depot. Your loan officers knew that Plaintiffs and the other members of the class relied upon Your expertise and knowledge and nonetheless did not inform Plaintiffs and the other members of the class of the impact or consequences of skipping mortgage payments and You did not instruct Your loan officers to do so thereby ratifying their conduct. Your failure to inform Plaintiffs and other class members of the impact or consequences of skipping mortgage payments constitutes false and misleading advice given to induce them to enter their Transactions with You.

## FIRST CAUSE OF ACTION:  DTPA VIOLATION

18. Pursuant to Texas state law, a cause of action is pled against You for violation for the

**PLAINTIFFS' SECOND AMENDED COMPLAINT**

6

Deceptive Trade Practices Act, Tex. Bus. & Com. Code art. §§ 17.41-17.63 et seq. (hereinafter "DTPA"). The allegations contained in all the paragraphs of this Pleading are hereby reaverred and realleged, for all purposes, and incorporated herein with the same force and effect as if set forth verbatim herein.

19. By virtue of seeking to acquire and/or purchase goods or services from You, in connection with the Transactions, Plaintiffs, and the other members of the class, were consumers covered by the DTPA. By reason of the facts set forth herein, You directly and indirectly violated the provisions of the DTPA.

20. By failing to disclose the impact and/or consequences of skipping, delaying or otherwise deferring mortgage payments, You misrepresented skipping payments as a money-saving feature and therefore represented that the goods or services provided by You regarding the Transactions had sponsorship, approval, characteristics, uses, benefits, or qualities which they do not have, in violation of § 17.46(b)(5) of the DTPA.

21. By failing to disclose the impact and/or consequences of skipping, delaying or otherwise deferring mortgage payments, You misrepresented skipping payments as a money-saving feature and therefore represented that the agreements for the Transactions confer or involve rights, remedies, or obligations which it did not have or involve in violation of § 17.46(b)(12) of the DTPA.

22. You failed to disclose information concerning goods or services which you knew at the time of the Transactions, specifically the impact and/or consequences of skipping, delaying or otherwise deferring mortgage payments, and such failure to disclose the information was intended to induce Plaintiffs and the other members of the class to enter transactions which said individuals would not have entered had the information been disclosed. This conduct on Your part violated §

**PLAINTIFFS' SECOND AMENDED COMPLAINT**

7

17.46(b)(24) of the DTPA.

23. By failing to disclose to consumers--the Plaintiffs and other members of the class--the consequences of delaying, deferring and/or skipping mortgage payments in connection with the Transactions, You engaged in unconscionable actions and/or a course of action, in violation of § 17.50(a)(3) of the DTPA.

24. Plaintiffs and the other members of the class detrimentally relied on the above-described actions, inactions, and failure to disclose information of You or Your agents. Said actions were a producing cause of damages to Plaintiffs and the other members of the class, including economic damages and/or mental anguish damages.

25. As a producing, direct, and proximate result of the representations made by You and/or Your agents, and the failure of You and/or Your agents to disclose and provide important information regarding to the Transactions, Plaintiffs and the members of the class suffered damages in excess of the minimum jurisdictional requirements of this Court.

26. Furthermore, in accordance with § 17.50(b) of the DTPA, Plaintiffs maintain and aver that Your conduct, actions, inactions, and failure to disclose was committed knowingly and/or intentionally, such that Plaintiffs and the members of the class are entitled to recover additional damages as set forth in § 17.50(b).

27. Because of the above-described violations of the DTPA, Plaintiffs had to retain attorneys to prosecute this Action and agreed to pay the retained attorneys a reasonable fee. Plaintiffs are entitled to recover attorneys' fees in accordance with § 17.50(d) of the DTPA. Pursuant to Texas Civil Practice & Remedies Code §§ 38.000-38.006, et seq., Plaintiffs gave You proper notice of this claim for attorneys' fees.

//

## SECOND CAUSE OF ACTION: NEGLIGENCE

28. Pursuant to Texas state law, a cause of action is pled against You for negligence. The allegations contained in all the paragraphs of this Pleading are hereby reaverred and realleged, for all purposes, and incorporated herein with the same force and effect as if set forth verbatim herein.

29. You owed a duty to Plaintiffs and the other members of the class to exercise reasonably prudent and ordinary care in connection with the Transactions. You violated this duty by negligently encouraging and soliciting Plaintiffs and the other members of the class to enter the Transactions and by failing to disclose to the Plaintiffs and the other members of the class relevant and important information relative to the Transactions. Said conduct, actions, and inactions were negligent in that You failed to act as a reasonably prudent person would have under the same or similar circumstances, including, but not limited to, failing to make disclosures regarding the impact on Plaintiffs and the other class members of skipping/delaying/deferring one or more payments to induce Plaintiffs to enter the Transactions.

30. Each of the acts, inactions, omissions, and/or failures to disclose by You regarding the Transactions, were a direct and proximate cause of the damages suffered by Plaintiffs and the other members of the class; such damages incurred by Plaintiffs are in excess of the minimum jurisdictional requirements of this Court.

## THIRD CAUSE OF ACTION: GROSS NEGLIGENCE

31. Pursuant to Texas state law, a cause of action is pled against You for gross negligence. The allegations contained in all the paragraphs of this Pleading are hereby reaverred and realleged, for all purposes, and incorporated herein with the same force and effect as if set forth verbatim herein.

32. You owed a duty to Plaintiffs and the other members of the class to exercise

reasonably prudent and ordinary care in connection with the Transactions. You violated this duty by willfully, wantonly, and/or recklessly encouraging and soliciting Plaintiffs and the other members of the class to enter the Transactions and by failing to disclose to Plaintiffs and the other members of the class relevant and important information regarding the Transactions. Said conduct, actions, and inactions were willful and/or grossly negligent in that You failed to act, including, but not limited to, failing to make disclosures regarding the impact on Plaintiffs and the other class members of skipping/delaying/deferring one or more payments in connection with the Transactions.

33. On information and belief, at the time that You misrepresented the impact of of skipping/delaying/deferring one or more payments in connection with the Transactions by failing to make disclosures to Plaintiffs and the other members of the class, there was an extreme degree of risk of harm to potential customers.

34. Clear and convincing evidence proves that You proceeded with this course of conduct and/or inaction, and/or failed to disclose information regarding the Transactions, with complete knowledge of the adverse impact and serious danger such actions, inactions, and failure to disclose information would have on Plaintiffs and the other members of the class. You acted with an entire want of care, indicating a conscious indifference to the rights or welfare of Plaintiffs and the other members of the class. Accordingly, Your conduct constituted gross negligence, which proximately caused the damages suffered by Plaintiffs and the other members of the Class. Pursuant to Tex. Civ. Prac. & Rem. Code § 41.003(a)(3), Plaintiffs(s) is entitled to exemplary damages because of Your conduct.

35. You knew that Plaintiffs and the other members of the class relied on Your expertise and knowledge in deciding whether to refinance their mortgages with Loan Depot. Your loan

officers knew that Plaintiffs and the other members of the class relied upon Your expertise and knowledge and nonetheless did not inform Plaintiffs and the other members of the class of the impact or consequences of skipping mortgage payments and You did not instruct Your loan officers to do so thereby ratifying their conduct. As a direct and proximate result of Your gross negligence, Plaintiffs and the other members of the Class have been damaged in excess of the minimum jurisdictional requirements of this Court.

### FOURTH CAUSE OF ACTION:  NEGLIGENT MISREPRESENTATION

36. Pursuant to Texas state law, a cause of action is pled against You for negligent misrepresentation. The allegations contained in all of the paragraphs of this Pleading are hereby reaverred and realleged, for all purposes, and incorporated herein with the same force and effect as if set forth verbatim herein.

37. You made promises and representations, and/or failed to provide important and relevant information to Plaintiffs and the other members of the class relative to the Transactions. You made such misrepresentations and/or failed to disclose important and relevant information negligently, without exercising reasonable care to determine their truth or falsity or made them in bad faith. The false statements were made to induce Plaintiffs and the other members of the class to induce them into entering the Transactions.

38. As a direct and proximate result of Your negligent misrepresentations and failure to disclose important and relevant information, Plaintiffs and the other members of the class have been damaged in an amount exceeding the minimum jurisdictional requirements of this Court.

### THIS CLASS ACTION IS PROPER

39. The members of the class described herein are so numerous that joinder of all members is impractical.  Although the exact number of class members is unknown to Plaintiffs currently, it

PLAINTIFFS' SECOND AMENDED COMPLAINT

11

is ascertainable by appropriate discovery, and Plaintiffs believe that the class includes over one-hundred thousand members. The identity and location of class members may be identified from the records maintained and possessed by the Defendant or its representatives.

40. There are common questions of law or fact affecting the class. The Transactions involving Plaintiffs and the other members of the class are similar and the violations of Texas law by Defendant relative to those transactions are similar, if not identical, in many respects.

41. The claims of Plaintiffs are typical of claims of the rest of the class in that Plaintiffs and all members of the class sustained damages arising out of the Defendant's conduct regarding the Transactions.

42. Plaintiffs will fairly and adequately represent the interest of the class because:

(i) Plaintiffs are a member of the proposed class;

(ii) Plaintiffs have expressed interest in representing the class;

(iii) The class representative is willing to pay the cost of notice and litigation;

(iv) The class representative has no interest adverse to other members of the class; and

(v) The class representative has suffered the same harm as the other members of the class.

Proposed class counsel is adequate. The undersigned attorneys request appointment as class counsel because of their extensive experience handling class action matters. Specifically, Mr. Dunn has litigated matters in thirty-three states nationwide and handled numerous class actions/MDL on both sides of the docket. Dunn's class actions, mass actions, and collective actions also provide multi-disciplinary experience. Mr. Dunn has handled class actions involving misleading homeowners with regard to refinancing mortgages, over time and other wage and hour

**PLAINTIFFS' SECOND AMENDED COMPLAINT**

claims, and change in control benefits, overbilling consumers with inappropriate tax charges, asbestos exposure, and workers' compensation insurance carriers' failure to notify workers of the hazards of asbestos.

Additionally, Mr. Pennetti has represented numerous global corporations in complex litigation involving consumers in state and federal courts throughout the country, including in several consumer class actions in 2022. Mr. Pennetti has litigated numerous matters under a variety of consumer protection statutes, including Texas's Deceptive Trade Practices Act. Mr. Pennetti has also litigated several matters involving complex transactions, including financial transactions, where more than $10 million were in dispute.

Mr. Gizer and his firm have served as lead counsel in at least 20 class action matters. While the substantial majority of these cases have been as lead counsel for the defense, including, but not limited to, *Monzon v. Western Union*, (Los Angeles Superior Court 21STCV09361), *Johnson v. Sun West Mortgage Company, Inc*. (Los Angeles Superior Court BC541571) and *Ruiz v. Unix Packaging, LLC* (Los Angeles Superior Court 21STCV15971), Mr. Gizer was lead counsel for Plaintiffs in *Karl Risinger v. SOC, LLC* in the U.S. District Court, District of Nevada; 2:12-cv-00063-MMD-PAL.  In sum, counsel's extensive prior experience and knowledge of applicable law make them well suited to represent the interests of the class fairly and adequately, as required by Fed. R. Civ. P. 42(g).

## **MISCELLANEOUS**

43. The right to plead any and all claims, causes of action and/or theories in the alternative is invoked and all claims, causes of action, and/or theories of recovery are hereby plead, in the alternative, to the extent necessary.

44. The right to bring additional causes of action against and to amend this Action as

**PLAINTIFFS' SECOND AMENDED COMPLAINT**

necessary is hereby specifically reserved.

45. Notice is hereby given that Plaintiffs intend to use all documents produced in this Action in any pre-trial proceeding or trial.

46. Plaintiffs provided written notice to Defendant of its DTPA claims on behalf of the putative class more than sixty (60) days prior to filing this action pursuant to V.T.C.A. Bus. & C. § 17.505. All other conditions precedent to all relief in this Action have been met, performed, occurred and/or waived.

## JURY DEMAND

47. Demand is hereby made for this Court empanel a lawful jury to hear this case.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Prayer is hereby made that Defendant loanDepot.com, LLC. be cited to appear and to answer herein and that upon final hearing, this Court enter judgment in favor of Plaintiffs and the other members of the class, against Defendants, jointly and severally, in an amount in excess of the minimum jurisdictional requirements of this Court, for compensatory damages, additional damages as permitted under the Texas DTPA, punitive damages, reasonable attorneys' fees, reasonable paralegal fees, costs of court and pre- and post-judgment interest at the highest rate allowed by law, and for such other and further relief, general or special, at law or in equity, to which Plaintiffs and the members of the class may be justly entitled.

DATED: March 20, 2024                    Respectfully submitted,

*/s/ Scott E. Gizer*
**ROGGE DUNN**
State Bar No. 06249500
Email: Dunn@trialtested.com
**EARL S. NESBITT**
State Bar No. 14916900

**PLAINTIFFS' SECOND AMENDED COMPLAINT**

Email: nesbitt@roggedunngroup.com
**ALEX PENNETTI**
State Bar No. 21440208
Email: penetti@roggedunngroup.com

**ROGGE DUNN GROUP, PC**
500 N. Akard Street
Suite 1900
Dallas, Texas 75201
Telephone: (214) 888-5000
Facsimile: (214) 220-3833

and

**SCOTT GIZER**
—*Pro Hac Vice*
Email: sgizer@earlysullivan.com

**EARLY SULLIVAN WRIGHT GIZER & MCRAE, LLP**
6420 Wilshire Blvd.
17th Floor
Los Angeles, CA 90048

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above and foregoing document has been served by giving written notice to counsel for Defendant on March 20, 2024.

                                                    */s/ Scott E. Gizer*
                                                    Scott E. Gizer

5764833.1

**PLAINTIFFS' SECOND AMENDED COMPLAINT**