UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANGELA COLONNA, STEPHEN COLONNA. and AVINASH DAGA, <br><br>*Plaintiffs,*<br><br>v.<br><br>LOANDEPOT.COM LLC,<br><br>*Defendant.* | § § § § § § § § § § § § § <br> Civil Action No. 3:24-CV-0376-X |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant LoanDepot.com LLC's ("Loan Depot") motion to dismiss. (Doc. 26). Having considered the parties' arguments and the applicable law, the Court **GRANTS IN PART** and **DENIES IN PART** the motion. (Doc. 26). Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiffs Angela Colonna, Stephen Colonna, and Avinash Daga's (collectively "Plaintiffs") claims for negligence, gross negligence, and negligent misrepresentation against Loan Depot. Only Plaintiffs' claim under the Texas Deceptive Trade Practices Act ("DTPA") remains at issue in this action.

### I. Background

This is a dispute regarding an alleged failure to disclose on the part of Loan Depot. Plaintiffs worked with Loan Depot to refinance their mortgages. Plaintiffs allege that Loan Depot's loan officers told them they would be able to "skip a payment" if they refinanced their mortgage but did not inform them that this would cause them to pay more interest over the life of the loan. According to Plaintiffs, the

1

"skip a payment" language was a common practice among Loan Depot's loan officers. It is uncontested that Plaintiffs received and signed all mortgage disclosures required under federal law.

The mortgages at issue in this case were closed on January 3, 2020 and July 26, 2021. And Plaintiffs allege that the "skip a payment" language was used in conversations with Loan Depot's loan officers in November 2019 and June/July 2021, respectively.

Plaintiffs allege that they did not realize until October 2022 they would accrue additional interest as a result of refinancing their mortgages. They filed their original complaint against Loan Depot on December 12, 2023, and removed the action to this Court on February 16, 2024. They amended their complaint on March 15, 2024, and Loan Depot filed a motion to dismiss on May 3, 2024.

## II. Legal Standard

Federal Rule of Civil Procedure 8 requires a pleading to state "a short and plain statement of the claim showing that the pleader is entitled to relief."[1] The pleading standard does not require detailed factual allegations, but "[t]hreadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice."[2] For a complaint to survive a motion to dismiss under Rule 12(b)(6), it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[3] A claim is facially plausible when the plaintiff pleads factual content

---

[1] Fed. R. Civ. P. 8(a)(2).

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[3] *Id.* (cleaned up).

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.[4]

For purposes of a motion to dismiss, courts must accept all well-pled facts as true and construe the complaint in the light most favorable to the plaintiff.[5] "In other words, a motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts."[6]

### III. Analysis

Loan Depot filed a motion to dismiss under Rule 12(b)(6), arguing (1) the two-year statute of limitations that applies to Plaintiffs' claims has passed, (2) the mandatory federal disclosures under RESPA and TILA render the claims facially implausible, and (3) Plaintiffs lack standing to make a claim under the DTPA.[7] Plaintiffs argue that (1) the statute of limitations has not passed due to the discovery rule, (2) the federally mandated RESPA and TILA disclosures are not enough to overcome their claims against Defendant, and (3) they have standing to make a claim under DTPA. The Court agrees with Loan Depot.[8]

---

[4] *Id.*

[5] *Muhammad v. Dallas Cnty. Cmty. Supervision & Corrs. Dep't*, 479 F.3d 377, 379 (5th Cir. 2007).

[6] *Ramming v. U.S.*, 281 F.3d 158, 161–62 (5th Cir. 2001).

[7] Doc. 26 at 5–6.

[8] Doc. 31 at 5–7.

## A. Statute of Limitations

Loan Depot contends that Plaintiffs' claims against it are barred by the statute of limitations.[9] A two-year statute of limitations applies to these claims. The mortgages at issue were closed on January 3, 2020 and July 26, 2021.[10] This means that the statute of limitations was up in January 2022 and July 2023, respectively. Plaintiffs did not file suit until December 2023, outside the window of the statute of limitations.[11]

Plaintiffs contend that the discovery rule delayed the accrual of the statute of limitations until October 2022, when they discovered that they would pay more in interest as a result of refinancing their mortgages with Loan Depot.[12] If this were true, they would have had until December 2024 to file suit, putting them well within the statute of limitations.

"The discovery rule provides that the statute of limitations will not run from the date of the defendant's wrongful act or omission, but from the date that the nature of the injury was or should have been discovered."[13] And in Texas, "courts will toll the statute of limitations if the injury is both inherently undiscoverable and objectively verifiable."[14]

---

[9] Doc. 26 at 5.

[10] *Id.*

[11] *Id.*

[12] Doc. 31 at 11–14.

[13] *K3C Inc. v. Bank of America, N.A.*, 204 Fed. Appx. 455, 462 (5th Cir. 2006) (citing *Weaver v. Witt*, 561 S.W.2d 792, 793–94 (Tex. 1977)).

[14] *Id.* (citing *HECI Explor. Co. v. Neel*, 982 S.W.2d 881, 886 (Tex. 1998)).

The Fifth Circuit has generally declined to apply the discovery rule to claims of negligence and negligent misrepresentation.[15]  Instead, the "limitations period for negligence runs from the commission of the negligent act, not the date of the ascertainment of damages."[16]  The mortgages at issue here were executed on January 3, 2020 and July 26, 2021.  On this basis alone, Plaintiffs' claims of negligence, gross negligence, and negligent misrepresentation fall outside of the statute of limitations: the limitations period ran on January 2022 and July 2023, respectively, and Plaintiffs' filed suit in December 2023.  These claims must therefore be dismissed.

The only remaining claim is the alleged DTPA violation.  "The DTPA expressly incorporates the language of the discovery rule, deferring the accrual of the limitations period until the consumer discovers or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice."[17]  The question for the Court is when Plaintiffs should have reasonably known the alleged harm occurred.  Under federal law, mortgage companies must provide extensive disclosures for all mortgages they originate.[18]  However, because the Court does not have the signed mortgage documents before it to consider, this issue is better left for the summary-judgment stage or trial.

---

[15] *See Kansa Reinsurance Co., Ltd. v. Congressional Mortg. Corp. of Tex.,* 20 F.3d 1362, 1372–73 (5th Cir. 1994).

[16] *Id.* (cleaned up).

[17] *LaGloria Oil and Gas Co. v. Carboline Co.* 84 S.W.3d 228, 238 (Tex. App.–Tyler 2001, pet. denied).

[18] *See*, "TILA-RESPA Integrated Disclosures," Consumer Financial Protection Bureau, *available at* https://www.consumerfinance.gov/compliance/compliance-resources/mortgage-resources/tila-respa-integrated-disclosures/.

## B. Plaintiffs' Status as Consumers Under the DTPA

Plaintiffs' only remaining claim is the alleged DTPA violation, which Loan Depot argues fails as a matter of law because Plaintiffs do not qualify as consumers under the statute.[19]

To make a claim under the DTPA, Plaintiffs must show that they qualify as consumers. To qualify as a DTPA consumer in a mortgage transaction, Plaintiffs "must seek or acquire goods or services by lease or purchase" and "the goods or services sought or acquired must form the basis of [Plaintiffs'] complaint."[27] In *Walker v. FDIC*, the Fifth Circuit held that in order for mortgagors to qualify for consumer status under the DTPA, "the goods or services sought by the borrower [must form] the basis for the DTPA complaint."[28] Several Texas appellate courts have followed this standard.[29]

However, Plaintiffs' complaint is silent as to their reason for seeking a mortgage. Therefore, the Court cannot rule on their status as consumers at this time.

## IV. Conclusion

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to dismiss (Doc. 26) and **DISMISSES WITH PREJUDICE**

---

[19] Doc. 26 at 17–19.

[27] *Fix v. Flagstar Bank*, 242 S.W.3d 147, 159 (Tex. App.—Fort Worth 2007, pet. denied).

[28] *Walker v. F.D.I.C.*, 970 F.2d 114, 123 (5th Cir. 1992).

[29] *See Manno v. BAC Home Loans Servicing, LP*, No. A–11–CA–347 LY, 2011 WL 3844900 (W.D. Tex. Aug. 26, 2011); *Nichamoff v. CitiMortgage, Inc.*, Civil Action No. H–12–1039, 2012 WL 4388344 (S.D. Tex. Sept. 25, 2012); *Ford v. City State Bank of Palacios*, 44 S.W.3d 121, 134–35 (Tex. App.—Corpus Christi 2001, no pet.) (all dismissing DTPA claims brought by mortgagors under *Walker*).

Plaintiffs' claims for negligence, gross negligence, and negligent misrepresentation against Loan Depot. Only Plaintiffs' DTPA claim remains at issue in this action.

**IT IS SO ORDERED** this 7th day of August, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE