UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANGELA COLONNA, STEPHEN COLONNA, and AVINASH DAGA, | § § § | |
| *Plaintiffs*, | § § § | Civil Action No. 3:24-CV-0376-X |
| v. | § § | |
| LOANDEPOT.COM LLC, | § § | |
| *Defendant*. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant LoanDepot.com LLC's (Loan Depot) motion to bifurcate discovery. Doc. 44. Having considered the parties' arguments and the applicable law, the Court **GRANTS** the motion.

## I. Background

This is a discovery fight about which should come first: individual discovery or class discovery. The underlying case is a class action regarding an alleged failure to disclose on the part of Loan Depot. The plaintiffs worked with Loan Depot to refinance their mortgages and allege that Loan Depot's loan officers told them they would be able to "skip a payment" if they refinanced their mortgage but did not inform them that this would cause them to pay more interest over the life of the loan.

The Court previously dismissed all but one of the plaintiffs' claims. The Court did not dispose of the plaintiffs' Texas Deceptive Trade Practices Act ("DTPA") claim, because it had questions about (1) when the plaintiffs should have reasonably known

1

the alleged harm occurred and (2) whether the plaintiffs are customers under the DTPA.

## II. Legal Standard

Federal Rule of Civil Procedure 1 provides that the Court administer the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding."[1]  Additionally, the Fifth Circuit has recognized that federal district courts have "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."[2]  And this is not just limited to staying discovery—indeed the Court has "broad discretion when deciding discovery matters."[3]  Nevertheless, the Court "abuses its discretion when its decision is based on an erroneous view of the law."[4]

## III. Analysis

The Court previously dismissed all but one of the plaintiffs' claims because of two missing facts: when the plaintiffs knew or reasonably should have known that the alleged harm occurred and whether the plaintiffs are even customers under the DTPA.[5]  Because this is a class action, Loan Depot would prefer to have discovery on the surviving DTPA claim for the class representatives first before getting to class discovery.  The class representatives, on the other hand, would like for class discovery to proceed first.

---

[1] Fed. R. Civ. P. 1.

[2] *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir.1987).

[3] *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 743 n.10 (5th Cir. 2019).

[4] *Id.*

[5] Doc. 36 at 5.

The question for the Court is which path would lead to an expeditious, efficient, and just resolution of this case.  In the first phase of discovery, Loan Depot seeks to reveal whether the plaintiffs' DTPA claim is barred by the statute of limitations, what the plaintiffs were told, "whether they 'skipped any payments,' and whether they paid any additional interest as a result."[6]  Finding answers to those questions has the potential to resolve this case with a motion for summary judgment, thereby saving time and resources.  Loan Depot asked for roughly three months to complete this phase.[7]  For their part, the plaintiffs seek class discovery first and asked for one year to complete it before filing a motion for class certification.[8]

Simply put, spending three months to figure out whether these claims are barred by a statute of limitations is more efficient than running the risk of undergoing over a year of discovery only to find out that the claims were barred all along.  While putting individual discovery first might not resolve the case, if it does, then knowing that up front rather than letting a dark statute-of-limitations cloud loom over the case for over a year is preferable.  Therefore, the Court will allow individual discovery on the DTPA claim to proceed first.

Discovery on the DTPA claim shall conclude ninety days from the issuance of this order.  At that time, any motion for summary judgment shall be filed within thirty days of the close of Phase 1 of discovery.  If the parties require more time, they

---

[6] Doc. 44 at 6–7.

[7] Doc. 44 at 7.

[8] Doc. 45 at 3.

can so move, but the Court will be exceedingly reluctant to grant an extension because, as time elapses, the proceeding becomes more expensive and less speedy.[9]

### IV. Conclusion

Accordingly, the Court **GRANTS** Loan Depot's motion to bifurcate discovery. Doc. 44. A scheduling order will follow the Court's resolution of the motion for summary judgment, if necessary.

**IT IS SO ORDERED** this 9th day of December, 2024.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[9] *See* Fed. R. Civ. P. 1.